Address all mail communications to P. O. Box 2455,
Cleveland, O.

### EXPIRATIONS
We send notices to subscribers, four weeks in advance
of the date to which their application is paid, thus
assuring them of ample knowledge in time to prepay
renewals, and save the 20 per cent we give to those who
mail the money in advance.

### No. 36
COMM. (Summit Co.) v. COMM. (Trumbull Co.)

No. 20169.   Supreme Court

On motion to certify.   Dock. Nov. 15, 1926, 4 Abs. 774.

323.   COUNTY COMMISSIONERS—When a person is divorced from her husband and from the time of said divorce she is a charge of the county, do her minor children gain a new legal settlement when she remarries and moves to another county, the stepfather never adopting the children?

This action arose in the Trumbull Common Pleas where judgment was given the Trumbull County Commissioners and upon error proceedings was affirmed by the Trumbull Court of Appeals.   The facts are: Mrs. Bessie White was divorced from David White in 1924 and under the decree Bessie White was given the custody of eight minor children.   From this time she was a charge on the Trumbull County Commissioners until 1925.   Prior to this time she had a legal residence in Warren, Trumbull County.   On July 11, 1925 she and Norman Tyler procured a marriage license in Trumbull County and she and her children moved to Cuyahoga Falls, Summit County, where she was married Sept. 14, 1925.

Mrs. Tyler and her eight children were supported without charity till Oct. 16, 1925 when she and the children became a charge on Summit County.   Mr. Tyler had a legal residence at Cuyahoga Falls and Mrs. Tyler resided with him, but at no time did Mr. Tyler adopt the children.

On Jan. 22, 1926 Mrs. Bessie White Tyler and children were transported back to Trumbull County at the cost of $100 which was demanded of the Trumbull Commissioners within 20 days.   This was refused and suit was brought.   Shortly after her arrival in Trumbull County she was returned to Summit County by the Warren authorities.

The sole question to be determined is whether or not Mrs. Bessie White Tyler and her children obtained a legal residence in Summit County it being admitted that she had a legal residence in Trumbull County; and if she did not gain a new one in Summit County, the Trumbull County legal settlement is in effect.   The Summit County Commissioners contend in the Supreme Court:

1.   That a legal settlement once gained in any town or county in a state is lost only by the person acquiring one in some other town or county in the state.

2.   That minors are incapable of gaining a legal settlement in their own right and such is not changed by the fact that its mother has married again and has removed to another township.

3.   That Mrs. White because she was supported by charity from the time of her divorce to her second marriage never gained any legal settlement only by reason of the fact that her divorced husband had a legal settlement in Warren.

4.   That the lower courts erred in their interpretations of Secs. 3476, 3477, 3478, 3479 GC., being the poor law of Ohio in relation to the facts and contentions herein.

Attorneys—W. Booth, Akron, for Summit Comm; W. W. Pierson, Warren, for Trumbull County.

### No. 37
U. S. FID. & GUAR. CO. v. SAMUELS

No. 20171.   Supreme Court

On motion to certify.   Dock. Nov. 15, 1926, 4 Abs. 774.

867.   OFFICIAL BONDS—Is surety on official bond of police officer liable for damages done to a party's machine by said police officer while in course of his employment; where it is claimed suit was first brought against such officer as an individual and not as a police officer?

Elias Samuels commenced an action against Carl Wollitz and Myron Graham in the Mahoning Common Pleas, seeking to recover for property damage caused by a collision of Samuel's car and that driven by Wollitz.

It seems that Samuels was driving his car uel's car and that driven by Wollitz.

in a northerly direction on a certain street, and that Wollitz and Graham, two policemen were driving a car in the southerly direction at a great rate of speed, that Wollitz applied the brakes at an intersection causing his car to swerve and to damage Samuels' car in the sum of $1000.   Further damages of $300 were prayed for.   A verdict was had against Wollitz, Graham being dismsised from the case, in the sum of $800.

Samuels then brought suit against the U. S. Fidelity & Guaranty Co. to recover $500, for which amount said company acted as surety upon the official bond of Wollitz.   Judgment in this instant case was in favor of the company,

in the Common Pleas; but same was reversed in the Court of Appeals. The Company, in the Supreme Court, contends that the original judgment having been obtained against Wollitz as an individual and not as a police officer, his official bond cannot be held liable; and that by so obtaining judgment against Wollitz as an individual, Samuels waived any right he might have had against Wollitz's surety.

It is further contended that the condition of the bond is that Wollitz will "faithfully perform the duties of the office of policeman," and that the bond was given by Wollitz to guarantee that he would not violate his oath and that he would discharge the new duties he was assuming as a police officer.

Attorneys—Harrington, DeFord, Huxley & Smith for Company; H. H. Wickham for Samuels; all of Youngstown.

---

# THIS WEEK'S DIGEST
## Cases Published in the Abstract

**122. BAGGAGE.**

The proof of loss or injury establishes a sufficient prima facie case to put the bailee upon his defense. Clevleand-Akron Bus Co. v. Rogoff. OA. 5 Abs. 25.

**129. BASTARDY PROCEEDINGS.**

The bastardy act with various sections repealed and others amended, effective July 30, 1923; and as it now is, is for the sole benefit of the mother of the bastard child or her estate; and evidence admitted to show the cost of supporting such child, and the value of attorneys fees in the prosecution of the proceedings is incompetent. Cowley v. State ex Beebe. OA. 5 Abs. 24.

**208. COMMON CARRIERS.**

Allegations in petition in reference to the carrying of passengers for hire and the giving of a hand bag into the possession of the edfendant Bus Company, and alleging the location of one of its termini, are sufficient to designate the defendant as a common carrier; there being no denial that defendant was a common carrier. Cleveland-Akron Bus Co. v. Rogoff. OA. 5 Abs. 25.

**225. CHARGE TO JURY.**

Reversible error in court's charge where it fails to recognize the principle that the duty of a railroad company to exercise ordinary care to stop the train might arise before a truck, yith which it collided, actually got upo nthe track; and would in fact arise when it was discovered that the truck was about to go upon the track in a place of danger. Det. Tol. & Iron. Rd. Co. v. Rashley. OA. 5 Abs. 23.

1. Where the facts in issue are admitted or undisputed, court should charge the jury as to application of the law to the facts thus established.

2. Where the question is which one of two relations arises, by reason of such facts, court should say to jury which of one exists, and it is error for the court to submit it to determination of the jury. Schickling v. Post Pub. Co. OS. 5 Abs. 29.

Where the trial judge instructs the jury that a corporation could act only through its officers, in the absence of a request to charge that such officers can bind the corporation only when acting within the scope of their authority, no prejudicial error is committed. Ohio Utensil Co. v. Hartman. OA. 5 Abs. 20.

**323. COUNTY COMMISSIONERS.**

When a person is divorced from her husband and from the time of said divorce she is a charge of the county, do her minor children gain a new legal settlement when she remarries and moves to another county, the stepfather never adopting the children? Summit County Comm. v. Trumbull County Comm. OS. Pend. 5 Abs. 30.

**465. ERROR.**

Procedure with respect to the disposal of seized liquor becomes one of the powers of the court as laid down in 6212-16 GC., and a denial of a motion for a hearing upon the question of the return of the property, depriving the owner of his rights as provided by law is prejudicial error. Blatnik v. State. OA. 5 Abs. 19.

**480. EVIDENCE.**

Where an exhibit consisting of a pencil sketch and presumably made by counsel is depended upon to require the submission of a case to the jury; the exhibit is clearly incompetent and cannot be considered in determining whether there was a scintilla of evidence where there is no testimony tending to show that the exhibit was accurate and made by a person with sufficient knowledge of the circumstances that he was able to produce it. Czerwinski v. Ward Sons Co. OA. 5 Abs. 26.

Where evidence of mal-practice is brought out by other than expert testimony, it is no encumbent upon the plaintiff to prove same by such expert testimony in order to recover thereon. Francis v. Brooks. OA. 5 Abs. 25.

**621. IMPROVEMENTS.**

Where Realty Company agrees to make improvements on allotment and makes only a few, it is not prejudicial error for the court to set the measure of damages as being the value of the lots, with and without the improvements as of certain date, for, since the improvements were never made, the date upon which the damages were fixed is immaterial. Crawford v. Moulton. OA. 5 Abs. 22.

**791. MOTIONS & ORDERS.**

Striking petition from files, and quashing service upon non-resident of county, in damage suit, where there are jiont tort-feasors because plaintiff admitted one of the joint tort-feasors was not liable and she did blame him, is prejudicial error; and the case should have gone to trial upon its merits. Carpenter v. Traver et. OA. 5 Abs. 21.

**867. OFFICIAL BONDS.**

Is surety on official bond of police officer liable for